**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

THELMA WILLIAMS                                                    PLAINTIFF

V.                              CASE NO. 4:16-CV-655-BRW-BD

PARKER, et al.                                                    DEFENDANTS

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.     **Background**

Thelma Williams, formerly an inmate at the Saline County Detention Facility ("Detention Facility"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In the many papers Mr. Williams has filed, he raised a variety of claims. He alleged that, in August of 2016, Defendant Lowe and inmate Collins placed an unknown substance in his food causing him to become gravely ill. Following

the alleged August incident, he alleges that Defendant Madri (formerly identified as Briann) failed to provide him medical care for the injuries that he sustained, resulting in his continued extreme pain and suffering. He claimed that Defendants Davis and Balden acted with deliberate indifference to his safety. He also claimed that Saline County officials unlawfully arrested him and wrongfully charged him with felony theft of property rather than misdemeanor shoplifting. In addition, he claimed that Detention Facility staff unlawfully detained him; that Detention Facility staff retaliated against him for filing this lawsuit; and that Detention Facility staff interfered with his legal mail and denied him access to the law library.

After reviewing the papers submitted by Mr. Williams, the Court concluded that Mr. Williams could proceed on his claim that Defendant Mandri acted with deliberate indifference to his medical needs and that Defendants Davis and Balden acted with deliberate indifference to his safety. His remaining claims, however, were dismissed. (#26)

Mr. Williams's recent mail has been returned to the Court as undeliverable. (#33) On February 23, 2017, the Court ordered Mr. Williams to notify the Court of his current address within thirty days or risk dismissal of his lawsuit. (#34) As of this date, Mr. Williams has not provided the Court with a valid, current address, as ordered.

Separate Defendant Mandri has now moved to dismiss Mr. Williams's claims against her based on his failure to comply with this Court's order. (#36)

**III.**   **Conclusion**

The Court recommends that Separate Defendant Mandri's motion to dismiss (#36)

be GRANTED; and further recommends that all of Mr. Williams's claims be

DISMISSED, without prejudice, based on his failure to comply with the Court's order

and his failure to prosecute this lawsuit.

DATED this 20th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE